UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CRAIG MAJORS #414062, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:11-cv-334-TAV-HBG |
| | ) | |
| JAMES SEGO and FAYE JEFFERS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Craig Majors ("plaintiff"). The matter is before the Court on the motion for summary judgment filed by defendant James Sego and plaintiff's response thereto, and the motion for summary judgment filed by defendant Faye Jeffers. Plaintiff has not filed a response to the motion for summary judgment filed by defendant Jeffers, and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motions for summary judgment will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**.

### I. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a

motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns an alleged denial of medical care that occurred during his confinement in the Morgan County Correctional Complex (MCCX). Plaintiff is now confined in the Northeast Correctional Complex. Defendant James Sego was a contract physician for MCCX and Faye Jeffers was the Acting Health Administrator at MCCX at the time of the alleged denial of medical care. Plaintiff alleges that the defendants were

2

responsible for ensuring that MCCX inmates received necessary medical care and for scheduling appointments for specialized treatment outside the prison.

Plaintiff specifically alleges that defendants Sego and Jeffers refused to provide him with the medication that was prescribed for his acid reflux and as a result he suffered severe abdominal pain and other digestive problems. Plaintiff claims defendants failed to give him the medication despite his having given repeated sick call requests to the nurse who walked through his unit for sick call. According to plaintiff, he went without his medication from June 16, 2010, until July 15, 2010, when he began receiving his medication again.

### III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

3

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

### A. Defendant Faye Jeffers

Defendant Jeffers has filed her affidavit in support of her motion for summary judgment. [Doc. 56, Affidavit of Faye Jeffers]. She testifies as follows:

> I am a former employee of the Tennessee Department of Correction (TDOC) at Morgan County Correctional Complex (MCCX) in Wartburg, TN, and was employed for twenty-five (25) years. At the time of the allegations made in this action, I was Acting Health Administrator at MCCX.
>
> The Health Administrator is an administrative person, just as the title implies. He or she will review policies, order supplies and equipment, hire

4

nurses according to TDOC policy, prepare correspondence, develop procedures according to TDOC policy, interact with other TDOC agencies and outside agencies as needed and necessary, perform budget planning, perform problem solving tasks as they relate to the general day to day running of the medical clinic, and prepare reports to the MCCX Warden and TDOC Commissioners pursuant to policy and as directed.

The Health Administrator cannot schedule or give medical care nor order medication. All medical care and medication orders must be written by the doctor. These orders are written according to what the doctor feels is medically indicated at the time a patient is seen.

Correctional Medical Services was the contracted medical services entity at MCCX at the time the allegations in this case arose. Medical appointments with outside facility would be ordered by the doctors and midlevel health-care providers. They would complete a consultation form that was faxed to Correctional Medical Services and was either approved or denied by their personnel. If it was approved, an appointment was scheduled by Correctional Medical Services, and the date and time would be faxed back to the doctors at MCCX. The inmate was then placed on the chain bus transportation list for the day closed to the appointment because most appointments were scheduled in Nashville. If it was a local appointment, MCCX personnel transported the inmate to the appointment. If the consult was denied by Correctional Medical Services, then no appointment was set up. Correctional Medical Services had a doctor in Nashville who approved or denied all consults. The doctors at MCCX were also contracted through Correctional Medical Services, but they could not approve or deny any appointments.

I had no personal involvement in rendering any medical care or treatment to inmate Craig Majors. #41406 [sic], or making any decisions regarding his medical care or treatment. I had no personal involvement in ordering any specialist consultations for inmate Majors, or making any decisions regarding any specialist consultations for inmate Majors.

The testimony I have given in this affidavit is based upon my personal knowledge.

[*Id.* at 1-3, ¶¶ 1-6].

5

As noted, plaintiff has not responded to defendant Jeffers's motion for summary judgment. His complaint, however, was signed under penalty of perjury. For that reason, the Court will treat the complaint as plaintiff's affidavit in support of his motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A); *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

Nevertheless, with respect to defendant Jeffers, plaintiff makes the conclusory claim, which is contradicted by defendant Jeffers's affidavit, that she is responsible for ensuring that MCCX inmates receive medical care. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102 (6th Cir. 1985).

Plaintiff's only factual claim against defendant Jeffers is that on July 13, 2010, she responded to his grievance, in which he complained about not receiving his medication, stating that the medication had been ordered short term and ran out, that without a doctor's order it was not re-ordered, and that plaintiff would be seen by a doctor within the next week. [Doc. 2, Complaint, pp. 11-12]. These allegations, without more, fail to state a claim for deliberate indifference to a serious medical need. As plaintiff admits, he began receiving his medication again on July 15, 2010, two days after defendant Jeffers's response to his grievance.

To the extent plaintiff seeks to hold defendant Jeffers liable based upon her supervisory position, in a suit brought under § 1983, liability cannot be imposed solely on

the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). *See also Henry v. Pogats*, No. 93-2462, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

Based upon the foregoing, defendant Jeffers is entitled to judgment as a matter of law. For that reason, her motion for summary judgment will be granted.

**B.** **Defendant James Sego**

Plaintiff specifically alleges that he saw Dr. Sego on July 14, 2010, the day after defendant Jeffers's response to the grievance. When plaintiff complained to Dr. Sego

about a painful abdomen, Dr. Sego did a rectal exam to check for blood in the stool and allegedly make an improper remark during the exam. [Doc. 2, Complaint, p. 12]. Dr. Sego then told plaintiff he would schedule an appointment for a CAT scan and blood withdrawal and also order plaintiff's medication; plaintiff began receiving his medication the next day. [*Id*. at 13].

As noted previously, in order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 at 106. The test for whether a jail official has demonstrated "deliberate indifference" to medical needs is a subjective inquiry into the official's state of mind rather than an objective test. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the

8

adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Plaintiff admits he received medical attention from Dr. Sego but complains about the delay in receiving the attention. In his response to the motion for summary judgment, plaintiff reiterates his complaint about the delay in receiving treatment. Under the circumstances, he has not stated a claim of deliberate indifference to serious medical needs. To the extent plaintiff states, or attempts to state, a claim of medical malpractice, the proper forum for that would be the Tennessee state courts.

Based upon the foregoing, defendant Sego is entitled to judgment as a matter of law. For that reason, his motion for summary judgment will be granted

## IV. Conclusion

The motions for summary judgment filed by defendants James Sego and Faye Jeffers will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE